IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID D'AMBROSIO )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>) CIVIL ACTION FILE NO.<br>)<br>KIKA SCOTT, Senior Official Performing the )<br>Duties of the Director of the U.S Citizenship )<br>& Immigration Services; )<br>ANDREW J. DAVIDSON, Acting Deputy )<br>Director of the U.S Citizenship & )<br>Immigration Services; )<br>KRISTI NOEM, Secretary of the Department of )<br>Homeland Security; )<br>Todd Lyons, Assistant Secretary of )<br>Immigration & Customs Enforcement; )<br>PAMELA BONDI, U.S. Attorney General; )<br>)<br>    Respondents/Defendants. )<br>) | 25-11186 |

**PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS AND PETITION
FOR INJUNCTIVE RELIEF AND
DECLARATORY JUDGMENT**

COMES NOW Petitioner, David Dambrosio, through undersigned counsel, and hereby brings this action against Defendants to compel their immediate decision on his properly filed Form I-360, Petition for **Amerasian, Widow(er), or Special Immigrant (VAWA)** (hereinafter "VAWA Petition") and Form I-485 Adjustment of Status Application ("AOS Application"), and together "The Applications." Petitioner filed the VAWA Petition and AOS Application on March 12, 2025, and it remains within the jurisdiction of Defendants, who are improperly refusing to take immediate action on the

application, to the great detriment of Petitioner who has been detained for more than two months and at danger of imminent removal from the United States.

## I. INTRODUCTION

1. This is a civil action for mandamus, injunctive and declaratory relief brought pursuant to 8 U.S.C. §§ 1329, 1331,1391, 2201 and 28 U.S.C. §1361 (to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff). Jurisdiction is also conferred by 5 U.S.C. §§ 555(b), 704 (no other adequate remedy), and 706 (to compel agency action unlawfully withheld or unreasonably delayed). *See* also 5 U.S.C. § 551 *et seq.*; 5 U.S.C. § 701 *et seq.* Relief is requested pursuant to said statutes.

2. The claim for mandamus and injunctive relief seeks an order compelling Defendants to perform a duty Defendants owe to Petitioner, namely, to cause the Defendants to adjudicate his VAWA Petition and AOS Application.

3. The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete adjudication process for Petitioner.

4. This action is brought to compel Defendants and those acting under them to cause Petitioner's VAWA Petition and AOS Application to be adjudicated, which have been unreasonably delayed given Petitioner has a removal order against him and if enforced will permanently lose his ability to adjust his status to a lawful permanent resident, and to compel the Federal Bureau of Investigation ("FBI") and any unknown government agencies to conduct the Name Check or background checks for the United States Citizenship and Immigration Services ("USCIS") as part of the application process.

5. Undersigned counsel has tried contacting USCIS to request expedited processing of his VAWA Petition and AOS Application, but a USCIS representative was unable to process the request, given counsel has not received the receipt notices for these filings.

6. Petitioner is eligible to have his case adjudicated. Due to this delay, Petitioner is at risk of suffering tremendous harm, and **he may forever lose the benefit of receiving permanent residency** because of the removal order against him.

7. Defendants USCIS and the Department of Homeland Security ("DHS") are charged by law with the statutory obligation to adjudicate the Petitioner's VAWA Petition and AOS Application because USCIS is charged under the law 8 U.S.C. § 1103(a) with supervising, implementing, and enforcing the Immigration and Nationality Act.

## II. JURISDICTION

8. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Jurisdiction is also conferred by the Administrative Procedure Act (APA), § 6, 5 U.S.C. § 555(b) (1994), which directs agencies to conclude matters presented to them "within a reasonable time," and by 5 U.S.C. §§ 702, 706 (to compel agency action unlawfully withheld or unreasonably delayed). Relief is requested pursuant to said statutes and 28 U.S.C. § 1361 (Mandamus Act), (to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff), 28 U.S.C. § 2201

(Declaratory Judgment Act), 28 U.S.C. § 2202 (injunctive relief), and 28 U.S.C. § 2412 (costs and fees).

### III. VENUE

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(e)(3) in that this is a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides.  Venue is proper in the United States District Court for the District of Massachusetts, Boston Division, because Petitioner is currently residing as a detainee at the Plymouth County Correctional Facility in Massachusetts in the custody of DHS.  Therefore, Defendants are subject to this court's jurisdiction.

### III. PARTIES

10.  Petitioner, Alien Number A219633255, a 32-year-old citizen of Italy who entered the United States in April 2016 through the Electronic System for Travel Authorization (ESTA) under the Visa Waiver Program (VWP) and overstayed, is incarcerated by Defendant DHS at the Plymouth County Correctional Facility in Massachusetts. He is a VAWA self-petitioner based on abuse he suffered during his marriage to a U.S. citizen spouse and has a corresponding AOS Application pending before USCIS.  Petitioner filed his VAWA Petition and AOS Application with USCIS on March 15, 2025, which to date they have not been adjudicated nor receipted.

11. Defendant Kika Scott is the Senior Official Performing the Duties of the Director of the U.S Citizenship & Immigration Services ("USCIS") and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here.  8 CFR § 103.1(g)(2)(ii)(B). United States Citizenship and Immigration Services is a bureau of the Department of Homeland Security, and charged under the law, 8 U.S.C. § 1103(c), with the implementation of benefits under the Immigration and Nationality Act. This action is brought against her in her official capacity.

12. Defendant Andrew J. Davidson is the Acting Deputy Director of the USCIS and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here, under whose jurisdiction Plaintiff's VAWA Petition and AOS Application have been pending.  He is charged with the authority to implement benefits under the Immigration and Nationality Act. This action is brought against him in his official capacity.

13. Defendant Kristi Noem is the Secretary of DHS, and this action is brought against her in her official capacity.  She is generally charged with the enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 U.S.C. § 1103(a).  More specifically, the Secretary of DHS is responsible for the adjudication of applications for adjustment of status filed pursuant to § 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. USCIS is an agency within the Department of Homeland Security to whom the Secretary of the

Department of Homeland Security's authority has, in part, been delegated, and is subject to the Secretary of DHS's supervision.

14. Defendant Todd Lyons is Assistant Secretary of Immigration and Customs Enforcement, an agency within DHS that is responsible for enforcement and removal of noncitizens. This action is brought against him in his official capacity.

15. Defendant Pamela Bondi, who is the Attorney General of the United States, heads the Department of Justice ("DOJ"), which includes the Executive Office for Immigration Review ("EOIR"). As Attorney General, Defendant Pamela Bondi is responsible, at least in part, for the legal control of the custody of Petitioner and is a proper party in all immigration challenges in the Federal Courts, and this action is brought against her in her official capacity.

## IV. EXHAUSTION OF REMEDIES

16. There are no administrative remedies available to the Petitioner because Defendants cannot or will not expedite Petitioner's VAWA and I-485 application despite his detention. Undersigned Counsel's paralegal contacted USCIS on April 21, 2025, and was able to speak with an officer regarding expediting Petitioner's I-360 and I-485. She was told that they cannot process any expedite requests until receipt notices are issued. Because the case has not appeared in their system yet, there is technically "no case to expedite" yet.

17. There are no other steps Petitioner could have taken to have USCIS issue the receipt notices or expedite them. **He was informed by his ICE case officer that he will be removed within the next two weeks despite having a Petition for**

**Review pending with the 1st Circuit challenging his removal and despite having pending I-360 and I-485 applications pending with USCIS**. Absent action by this court in the form of mandamus, injunctive, and declaratory relief, no other remedy exists for Petitioner to resolve Defendants' refusal to immediately process and issue the receipt notices and expedite the case before he is removed.

## V. STATEMENT OF FACTS & PROCEDURE

18. Petitioner is a 32-year-old citizen of Italy who was admitted into the United States after inspection in April 2017 and has not departed the United States since his April 2017 entry. Petitioner married a U.S. citizen ("USC") in August 2019. During the course of his marriage, Petitioner's USC spouse subjected him to physical, emotional, and psychological abuse. Petitioner hired the Mesa Law Firm to prepare and file a VAWA (Violence Against Women's Act) based self-petition (VAWA Petition or Form I-360) based on the extreme cruelty that he endured by his USC spouse, and the Mesa Law Firm began preparing his VAWA Petition and obtained a psychologist evaluation report in support of his VAWA Petition.

19. On or about February 19, 2025, Petitioner made a wrong turn while driving in Vermont and mistakenly crossed over the Canadian border. Canadian officials promptly returned Petitioner back to the U.S. border, as he did not have a passport or visa to enter Canada, where he was apprehended by DHS and detained. From there, he was transferred to the custody of ICE.

20. The sole basis for Petitioner's current detention is that he overstayed his admission period.

21. On or about March 2025, Petitioner hired the undersigned counsel to prepare and file for his permanent residency on an expedited basis. In March 2025, Petitioner concurrently filed a VAWA Petition and AOS Application. *See* <u>Exhibit 1</u> UPS delivery confirmation. The Form I-360 petition and Form I-485 applications are pending before USCIS but a receipt notice has not yet been received by Petitioner's attorney.

22. If Petitioner is removed from the United States prior to adjudication of his pending VAWA-based applications, he will become subject to a ten-year bar of reentry under INA § 212(a)(9)(A), and his pending AOS Application will be rendered moot, causing a permanent and irreparable loss of his eligibility for lawful permanent residence. Current processing times for USCIS for these and similar VAWA-based applications are over 42 months, or three and a half years. *See* <u>Exhibit 2</u> USCIS processing times.

23. Petitioner is a law-abiding individual with no criminal history. His only infraction is the overstay of his visa admission period, but his VAWA Petition may waive his overstay, as the special immigrant petition includes a broad waiver of almost all grounds of inadmissibility—including an overstay and even illegal entry into the United States. Petitioner can obtain a lawful permanent resident status as long as USCIS adjudicates his application, which adjudication is currently backlogged by a significant period of time.

24. Petitioner and his attorneys have contacted USCIS to request expedited adjudication to no avail, given the lack of a receipt notice; and Petitioner's case remains pending. Given Plaintiff's pending removal order, Defendants has

sufficient information and time to determine Petitioner's eligibility requirements, considering the irreparable harm he may suffer if his VAWA Petition and AOS Application is not expedited.

25. Petitioner is neither a criminal nor terrorist. Petitioner is suffering harm by not becoming a permanent resident (and later on a U.S. citizen): he is deprived of physical liberty and has restrictions of employment, travel and other difficulties as a non-permanent resident. If not adjudicated soon, Petitioner may lose the benefit of being able to adjust status in the United States and becoming a lawful permanent resident.

26. Petitioner has and will continue to cooperate with the USCIS to provide all requested documentation and timely complete each required step of his application process. Petitioner's more than two-month detention and pending removal order has caused substantial hardship to him, given his health conditions because of the abuse he suffered at the hands of his USC spouse.

27. Given current case processing times, the lack of a receipt notice, and Petitioner's removal order, it is unforeseeable that his VAWA Petition and AOS Application will be resolved within a reasonable amount of time. Considering the instant circumstances, Defendants had sufficient information and time to determine Petitioner's eligibility requirements.

28. While current case processing times for VAWA petitions is over 42 months, or three and a half years, his delay is unreasonable for a detained noncitizen with a final administrative removal order who is a crime victim with no criminal history. *See* Exhibit 3 final Administrative Removal Order. Defendants have informed

Petitioner that he will be removed within the next 2 weeks. Again, should Petitioner be removed from the United States prior to the adjudication of his VAWA Petition and AOS Application, he will be unable to adjust his status to a lawful permanent resident.

29. Due to the delay in processing his Applications, Petitioner is suffering tremendous harm. Petitioner is deprived of his right to pursue permanent resident status as a VAWA self-petitioner who has suffered abuse by his USC spouse. Petitioner does not qualify for certain benefits that permanent residents qualify for because his application is "pending," and he is subject to removal at any moment and permanent loss of benefits after his removal.

## VI. ARGUMENT

### STATUTORY AND REGULATORY FRAMEWORK

30. Petitioner filed his VAWA Petition and AOS Application. He has demonstrated he satisfies all the eligibility requirements.

31. Defendants have sufficient information to determine Petitioner's eligibility, pursuant to applicable requirements and complete the processing procedures. Petitioner has done everything in his power to ensure timely adjudication of his Applications, but Defendants have clearly not given Petitioner any form of relief.

32. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Given that Petitioner is currently detained and faces imminent removal, adjudication is needed urgently to prevent a permanent bar to adjustment and the irreparable loss of immigration benefits. Defendants willfully,

and unreasonably, have delayed and refused to adjudicate the petition, thereby depriving Petitioner of the right to a decision and the peace of mind to which Petitioner is entitled.

33. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 555 (b), are unlawfully withholding or unreasonably delaying action on Petitioner's Applications and have failed to carry out the adjudicative functions delegated to them by law with regards to Petitioner's case.

34. There are no other steps Petitioner could have taken to have his applications immediately adjudicated (or to at least ensure adjudication will occur prior to his projected removal date of May 10, 2025). Absent action by this court in the form of mandamus, injunctive, and declaratory relief, no other Remedy exists for Petitioner to resolve Defendants' refusal to immediately adjudicate his case or ensure it is done before May 10, 2025.

## CAUSES OF ACTION

35. As noted previously, without a Writ of Mandamus ordering Defendants to adjudicate Petitioner's adjustment of status applications prior to May 10, 2025, Petitioner has no way to ensure that he will be ever granted the benefit of adjustment of status. Defendants have not yet adjudicated the Applications despite the circumstances and the awful consequences that would result if Petitioner's removal order was enforced, and there is no guarantee that Defendants will process and decide Petitioner's applications prior to May 10, 2025, absent a court order. The adjudication of Petitioner's applications is a non-

discretionary ministerial act that a Federal Court can order be done through a Writ of Mandamus, pursuant to 28 U.S.C. § 1361.

36. Defendants, by willfully and unreasonably refusing to discharge their non-discretionary duty to adjudicate Petitioner's applications, are unlawfully withholding or unreasonably delaying action on Petitioner's Applications, to which he has a clear right, in violation of 5 U.S.C. § 555 (b) of the APA, thereby causing Petitioner tremendous harm.  Due to the nature of his pending Applications, if Petitioner is deported prior to adjudication, the loss of eligibility for adjustment will be permanent and cannot be cured post-removal, resulting in irreparable harm.

37. Considering the extremely severe consequences that will flow to Petitioner if his AOS Application is not adjudicated before May 10, 2025, it is entirely unreasonable for Defendants to refuse to immediately adjudicate Petitioner's Applications, given the interest of justice and the public interest in protecting crime victims.  When balancing Petitioner's interest in preserving his right to be granted permanent residency or lose it forever, his rights as a crime victim, coupled with the severe and practically irreparable consequences that will flow from his cases not being adjudicated immediately, against Defendants' interest in adjudicating cases when they see fit, the harm to the Petitioner far outweighs any potential detriment to Defendants if they expedite the adjudication of Petitioner's cases.

38. Defendants owe Petitioner the duty to act upon his Applications in a reasonable and timely manner, and they have unreasonably failed to perform that duty,

despite the urgent and time-sensitive circumstances presented by Petitioner—circumstances which dramatically constrict what constitutes a "reasonable time" to act on Petitioner's cases and make Defendants' failure to immediate execute their duty wholly unreasonable. Put differently, where the loss of a benefit will occur without agency action and where such a loss is irreparable, this weighs heavily towards finding that an agency's action is unreasonably delayed.

39. Petitioner has an additional cause of action against Defendant Noem and Defendant Lyons for unlawfully rescinding an ICE directive that instructs ICE not to remove or detain non-criminal crime victims with pending VAWA or I-485 applications. The Administrative Procedure Act (APA) requires agencies to engage in reasoned decision-making. *Michigan v. E.P.A.*, 576 U.S. 743, 750 (2015). Under the APA, agency actions are to be set aside if they are "arbitrary" or "capricious." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.,* 591 U.S. 1, 16 (2020) (citation omitted). Judicial review is limited to the grounds invoked by the agency at the time of action, and post hoc rationalizations are not permitted. *See id.* at 20-23 (citations omitted).

40. When rescinding a prior policy, an agency must consider alternatives within the ambit of the existing policy and address any legitimate reliance interests engendered by the prior policy. *Regents of the Univ. of Cal.,* 591 U.S. at 20-24, 28-34. The presumption of judicial review under the APA can be rebutted only if the relevant statute precludes review or the action is committed to agency discretion by law, but these exceptions are construed narrowly. *Id.* at 15-19. In *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, the Supreme Court held that the

Department of Homeland Security's (DHS) rescission of the Deferred Action for Childhood Arrivals (DACA) program was arbitrary and capricious because DHS failed to consider important aspects of the problem, including alternatives to full rescission and the reliance interests of DACA recipients. *Id.* at 22-34 (citations omitted).

41. The new policy that is being challenged by Petitioner as violating the APA is ICE Policy Number: 11005.4, which rescinded prior ICE Directive 11005.3 and does not explain *why* the agency changed policies related to crime victims. It only cites to President's Trump's Jan. 20, 2025, Executive Order entitled "Protecting the American People Against Invasion" in stating that it is the policy of the United States to achieve the "total and efficient enforcement of [immigration] laws" against inadmissible and removable noncitizens. Citing to this Executive Order and President Trump's order to achieve "total and efficient enforcement of [immigration] laws" does not constitute a thorough or reasoned explanation as to why ICE has changed its policies related to *crime victims and more specifically non-criminal crime victims*—or in Petitioner's case, a non-criminal crime victim with a pending adjustment of status application which, if approved, will grant him Lawful Permanent Resident status in the United States. Petitioner has not "invaded" the United States and poses no risk to the American People from which they would need the government's protection.

42. Because ICE or DHS changed its policy in contradiction of the previous policy, it must provide a more detailed explanation and thorough reasons for the change. DHS has failed to meet that standard in this case and therefore this Court must

declare ICE Policy Number: 11005.4 a legal nullity since it was issued in violation of the APA. Given it was issued in violation of the APA, the previous ICE Policy Directive 11005.3: Using A Victim Centered Approach with Noncitizen Crime Victims should be reinstated, according to which Petitioner should not be detained nor removed while his VAWA Petition and AOS Application remain pending.

## **CLAIM FOR RELIEF**

43. Petitioner realleges paragraphs one through 42 herein as if fully set forth. Defendants willfully and unreasonably delayed in and have refused to, adjudicate the VAWA Petition and AOS Application, thereby depriving Petitioner of basic rights. Defendants within USCIS have willfully, and unreasonably, delayed and refused to adjudicate Petitioner's Applications, thereby depriving him of the benefit and privilege, to which he is eligible and entitled to under the Immigration and Nationality Act. Petitioner properly filed his applications and awaits the agency's determination.

44. This civil action request for mandamus and injunctive and declaratory relief, wherein Petitioner seeks an order compelling Defendants to perform a duty Defendants owed to Petitioner—namely, to cause Defendants to adjudicate the VAWA Petition and AOS Application before May 10, 2025. If Petitioner's Applications are not adjudicated before that time, they may lose the benefit forever and may be unable to acquire Lawful Permanent Residence in the United States.

45. Mandamus is proper if: (1) the Plaintiff can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). In this case, Petitioner (1) can show a clear right to the relief sought – to cause Defendants to adjudicate their applications; (2) Defendants have a non-discretionary duty to Petitioner to act, to wit, to adjudicate the adjustment application filed with them; and (3) no other remedy is available to cause Defendants to adjudicate or to act on Petitioner's application.

46. A strong humanitarian factor genuinely exists here, as the Petitioner has made every effort to timely file and to provide all necessary documentation to the government as required to obtain the requested benefits and has diligently followed-up to obtain a timely decision in his case. The failure to adjudicate his Applications in a timely manner has created and continues to create a major disruption in his life and absent a court order Petitioner may lose the benefit of obtaining permanent residence forever.

47. Petitioner has exhausted any administrative remedies that may exist. No other Remedy exists for Petitioner to resolve Defendants' delay. The adjudication of the Petitioner's applications is non-discretionary ministerial acts that a Federal Court can order be done through a Writ of Mandamus pursuant to 28 U.S.C. § 1361.

48. A declaratory judgement is sought for this Court to declare ICE Policy Number: 11005.4 a legal nullity since it was issued in violation of the APA, 5 U.S.C. § 706(2)(A). Since it was issued in violation of the APA, the previous ICE Policy Directive 11005.3: Using A Victim Centered Approach with Noncitizen Crime

Victims should be reinstated, according to which Petitioner should not be detained nor removed while his applications VAWA Petition and AOS Application remain pending. The APA requires that agency action must not be arbitrary or capricious and must be accompanied by a *reasoned* explanation made public at the time of the agency's action, which was not done in this case. *See Invenergy Renewables LLC v. United States*, 476 F.Supp.3d 1323, 1343-46, 1349-50 (Ct. Int'l Trade 2020). *See also Marasco & Nesselbush, LLP v. Collins,* 6 F.4th 150, 173-75 (1st Cir. 2021) and *Union of Concerned Scientists v. Wheeler* 954 F.3d 11 (1st Cir. 2020).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authorities noted herein, Petitioner respectfully prays that the Court enter an order:

1. Compelling Defendants and those acting under them to perform their duty owed to Petitioner, namely, to rule upon and adjudicate Petitioner's VAWA and AOS Applications prior to May 10, 2025.

2. Granting a stay of removal of Petitioner until a final court order in this case.

3. Declaring ICE Policy Number: 11005.4 a legal nullity and contrary to APA and/or reinstating ICE Policy Directive 11005.3: Using A Victim Centered Approach with Noncitizen Crime Victims.

4. Granting such other and further relief as this Court deems proper or equitable under the circumstances; and

5. Granting attorney's fees and court costs to Plaintiff under the Equal Access to Justice Act.

Respectfully Submitted,

/s/ Carl Hurvich
Carl Hurvich (MA B.B.O.698179)
Brooks Law
10 High Street, Ste 3.
Medford, MA 02155
Phone: (617) 245 8090
Carl@Brookslawfirm.com
Local Counsel


/s/ Karen Weinstock
Karen Weinstock
Weinstock Immigration Lawyers, P.C.
1827 Independence Square
Atlanta, GA 30338
Phone: (770) 913-0800
New York Bar # 2985620
kweinstock@visa-pros.com
Attorney for Petitioner
Pro hac vice application filed herein

This 30th day of April, 2025.